IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| COMMONWEALTH LAND TITLE INSURANCE COMPANY | * | |
| | * | |
| Plaintiff | * | |
| v. | * | CASE NO. 1:17 cv 01070 |
| KCI TECHNOLOGIES, INC. | * | |
| And | * | |
| WILES MENCH CORP. | * | |
| Defendants | * | |

* * * * * * * * * * * * *

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441, Defendant KCI Technologies, Inc., by its undersigned counsel, files this Notice of Removal of this action from the Superior Court of the District of Columbia, in which it is now pending, to the United States District Court for the District of Columbia, based on the following grounds:

1. In this case, Plaintiff has brought a subrogation action against the defendants, asserting state law claims of negligence and breach of contract allegedly arising out of certain survey work performed by defendants in connection with its insured's development of a commercial building in the District of Columbia, which surveys allegedly failed to identify an existing property line encroachment. Plaintiff filed its Complaint on April 10, 2017, at Case No. 2017 CA 001930 B.

2. Plaintiff seeks to recover from the defendants in excess of $1 million, representing funds it paid to its insured under the title insurance policy which insured against, *inter alia*, properly line encroachment(s).

3. Upon information and belief, the Plaintiff, Commonwealth Land Title Insurance Company, is a corporate citizen of the State of Florida, where it appears to be incorporated and maintains its principal office, at 601 Riverside Avenue in Jacksonville, FL 23304. Alternatively, Commonwealth may maintain its principal offices in Florida, as aforesaid, but is a Nebraska corporation. See 28 U.S.C. 1332(c)(1); *see also,* Complaint, Ex. I (the Commonwealth Land Title Insurance Company Seal affixed to the subject policy reflects incorporation in the State of Nebraska). Therefore, Commmonwealth is a citizen of Florida and/or Nebraska for the purpose of determining diversity of citizenship.

4. Defendant KCI Technologies, Inc. ("KCI"), is a Delaware Corporation with its principal offices located at 936 Ridgebrook Road, Sparks, Maryland 21152, as alleged in the Complaint, and is therefore a citizen of Delaware and Maryland for the purpose of determining diversity of citizenship.

5. Defendant Wiles Mensch Corp. ("WMC") is a Virginia corporation with its principal place of business at 11860 Sunrise Valley Drive, Suite 200, Reston, VA 20191 and/or 510 8th Street, S.E., Washington, D.C., as alleged in the Complaint, and is therefore a citizen of Virginia and/or Washington, D.C. for the purpose of determining diversity of citizenship.

6. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the Plaintiff (a citizen of Florida and/or Nebraska) and the Defendants (citizens of Delaware, Maryland, Virginia and/or

D.C.), and the amount alleged to be in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

7. Venue is proper in the United States District Court for the District of Columbia, because suit was filed in the Superior Court of the District of Columbia and the causes of action arise out of events, acts or omissions that allegedly occurred in the District of Columbia.

8. Defendant KCI's request for removal is made within 20 days of service of original process, and within 30 days of being served with the initial pleading in this case, Plaintiff's Complaint. 28 U.S.C. § 1446(b)(3).

9. After filing of the Notice of Removal in the United States District Court for the District of Columbia, written notice of the filing of this Notice of Removal will be given by the undersigned to Plaintiff's attorney at his last known address, as provided by law, and copies of the Notice of Removal will be filed with the Clerk of the Superior Court of the District of Columbia.

10. Filed with this Notice are copies of all pleadings, process and orders filed in the Superior Court and served on this Defendant, namely, the Complaint, Exhibits, and Summons.

11. Counsel for the co-defendant, WMC, Jonathan Shoemaker, Esquire with the law firm of Lee & McShane, PC, has been notified by the undersigned and consents to the filing of this Notice of Removal.

WHEREFORE, Defendant KCI Technologies, Inc. requests that this action be removed to the United States District Court for the District of Columbia and that no further proceedings be had in the Superior Court of the District of Columbia.

*Respectfully,*

*/s/Howard S. Stevens*

Howard S. Stevens
USDC DC Bar No. 466924

*/s/Meighan G. Burton*
Meighan G. Burton
USDC DC Bar No. DC1025058

PASCALE STEVENS, LLC
2700 Lighthouse Point East Suite 500
Baltimore, MD 21224
HStevens@pascalestevens.com
MBurton@pascalestevens.com
(443) 863-5748

*Counsel for Defendant KCI Technologies, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th[th] day of June, 2017, a copy of the foregoing Notice of Removal was mailed via first class mail, postage prepaid and email to:

Joseph T. Nah, Esquire
FIDELITY NATIONAL LAW GROUP
8100 Boone Boulevard, Suite 600
Vienna, VA 22182
*Email: Joseph.nah@fnf.com*
*Counsel for Plaintiff*

Jonathan C. Shoemaker, Esquire
Lee & McShane, PC
1211 Connecticut Avenue, NW, Suite 425
Washington, D.C. 20036
Email: JCS@lee-mcshane.com
*Counsel for Defendant Wiles Mensch Corp.*

*/s/Howard S. Stevens*
Howard S. Stevens
USDC DC Bar No. 466924

*/s/Meighan G. Burton*
Meighan G. Burton
USDC DC Bar No. DC1025058